IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL CENTER, <br><br> Plaintiff, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, and ANTHEM BLUE CROSS AND BLUE SHIELD, <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER** <br><br><br> Case No. 2:17-CV-00481-BSJ <br><br> District Judge Bruce S. Jenkins |

## INTRODUCTION

Plaintiff IHC Health Services ("IHC") and Defendants JetBlue Airways Corporation ("JetBlue") and Anthem Blue Cross and Blue Shield ("Anthem") filed and fully briefed cross motions for summary judgment.[1] The motions came before the court for hearing on March 28, 2018. Joseph Amadon appeared on behalf of Plaintiff. Jessica Wilde appeared on behalf of Defendants.[2]

As clarified at hearing,[3] IHC seeks the following: (i) $30,291.87 for the remaining balance due on the medical services rendered, plus ten percent interest, and (ii) $25,905.00 for JetBlue's failure to produce plan documents.

---

[1] *See* Pl.'s Mot. for Summ. J. and Mem. in Supp., filed Feb. 14, 2018 (CM/ECF No. 32); Defs.' Mot. for Summ. J., filed Feb. 14, 2018 (CM/ECF No. 33).

[2] Although IHC's Amended Complaint brings claims against JetBlue and Anthem, IHC acknowledges in its summary judgment briefing that the Plan is self-funded, and IHC clarifies that it does not seek summary judgment against Anthem. *See* Pl.'s Mot. for Summ. J. and Mem. in Supp., filed Feb. 14, 2018 (CM/ECF No. 32) at 10 of 19. As such, Anthem is hereby dismissed from this action.

[3] *See* March 28, 2018 Hr'g Tr. at 12:21-24.

Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the court hereby GRANTS IN PART IHC's motion for summary judgment. The court awards IHC $30,291.87 for amounts owed to IHC for the emergency medical services rendered, plus ten percent interest for an additional $11,359.45, resulting in a total award of $41,651.32.

## BACKGROUND

The following briefly outlines the pertinent undisputed facts in this action, drawn from the parties' summary judgment briefing:

- R.S. was a JetBlue employee and was entitled to benefits under JetBlue's Medical Plan (the "Plan").

- R.S. signed a document entitled "Legal Assignment of Benefits and Release of Medical and Plan Documents" in favor of IHC.

- Anthem is a claims administrator of the Plan. JetBlue delegated to Anthem the authority and obligation to process claims, handle appeals, resolve disputes and interpret the language of the Plan.

- R.S. received emergency treatment from IHC related to acute chest pain on May 21, 2014 through May 30, 2014.

- The billed charges for the treatment totaled $148,702.25.

- Under the Plan, emergency health services are paid at the rate of 80% of "Eligible Expenses" once the deductibles and out-of-pocket maximums are applied.

- "Eligible Expenses" is defined in pages 117-18 of the Plan. Under the Plan, Eligible Expenses for non-network providers, such as IHC, are based on either (1) negotiated rates between the provider and either the claims administrator (Anthem) or one of its affiliates; (2) competitive fees in the geographic area; or (3) 50 percent of the billed charges.

- Because IHC is an out-of-network provider, Anthem requested that a third-party—National Care Network Data iSight ("NCN")—determine what the allowed amounts were for the claim, which NCN did.

2

- Of the $148,702.25 billed amount, it was determined that the total allowable amount was $88,958.63. Of this allowable amount, $1,443.50 was a member coinsurance/cost share, and Anthem paid the remaining $87,515.13. The amounts not covered were $59,743.62.

- On June 17, 2016, IHC sent a letter requesting Plan documents addressed to JetBlue and, mistakenly, Regence Blue Cross Blue Shield ("Regence"). Regence is a non-party who is unaffiliated with JetBlue. The letter was sent to JetBlue's office in Cottonwood Heights, Utah.

- JetBlue did not provide the Plan documents to IHC in response to IHC's letter.

- As clarified at the hearing, IHC seeks (i) $30,291.87 as the balance due for the emergency services provided by IHC, plus interest at a rate of 10 percent, and (ii) a statutory penalty under 29 U.S.C. §1132 in the amount of $25,905.00 for JetBlue's failure to produce plan documents.[4]

## DISCUSSION

A. Benefits Owed to IHC Under the Plan

The parties seem to agree that out-of-network provider emergency services should be paid at a rate of 80% of *some amount*, but the parties disagree as to what the 80% rate should be applied to. IHC acknowledges that the plan says 80% of Eligible Expenses, but IHC argues that JetBlue has failed to provide factual support for its determination of what constitutes Eligible Expenses and that, with no other figure to go from, the 80% rate should be applied to the entirety of IHC's billed amount.[5]

JetBlue contends that the Plan's second option[6] for calculating out-of-network provider Eligible Expenses—looking to competitive fees in the geographic area—is what was employed in the present case.[7]

---

[4] The court notes that IHC's Amended Complaint contains a claim for breach of fiduciary duty. *See* First Am. Compl., filed July 18, 2017 (CM/ECF No. 3) at 8-9. However, IHC has since conceded and withdrawn the claim. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J., filed Feb. 28, 2018 (CM/ECF No. 36) at 2.

[5] *See* March 28, 2018 Hr'g Tr. at 8:4-22.

[6] *See* Administrative Record, (CM/ECF No. 26-1) at ANTHEM 000416.

As evidence, JetBlue points to two documents in the record as providing factual support for NCN's calculation of Eligible Expenses.[8] First, JetBlue points to document number ANTHEM 000291, which contains NCN pricing information for the claim.[9] However, although the document states the total amount charged—$148,702.25—and the total amount paid—$87,515.13—it provides no information on *how* the $87,515.13 figure was calculated. Second, JetBlue points to an information sheet containing pricing information, found at ANTHEM 000267 through ANTHEM 000271.[10] The document shows (i) how NCN's calculated amount compares to the amount IHC billed and to the amount Medicare would reimburse, and (ii) how the amount IHC billed for the emergency services and the amount NCN estimated it cost IHC to provide such services compare to NCN's "Benchmark Group." According to the document, "[f]or inpatient claims, the Benchmark Group consists of similar facilities that had claims with the same Severity-Adjusted Refined DRG. For outpatient claims, the Benchmark Group consists of facilities nationwide that had claims for the same services."[11] However, like the first, this second document provides no illumination into the question of whether NCN's method of calculating Eligible Expenses was consistent with the requirements of the Plan. For example, what "similar facilities" did NCN look to in its Benchmark Group? Were those similar facilities within IHC's geographic area, and did they offer competitive fees? The document fails to indicate one way or another.

---

[7] *See* March 28, 2018 Hr'g Tr. at 15:7-23.

[8] *See* Reply Mem. in Further Supp. of Defs.' Mot. for Summ. J., filed March 14, 2018 (CM/ECF No. 41) at 3-4.

[9] *See id.* at 3.

[10] *See id.*

[11] *See* Administrative Record, (CM/ECF No. 20-7) at ANTHEM 000269.

As there is no evidence in the record indicating that NCN's calculation of Eligible Expenses complied with the Plan, and as there is no evidence in the record indicating that JetBlue or Anthem made *any* effort—either prior to engaging NCN or after NCN made its Eligible Expenses calculation—to ensure that NCN's calculation complied with the Plan, the court finds the denial of benefits was not grounded on a reasonable basis and was thus arbitrary and capricious. The court therefore grants IHC's summary judgment motion and awards IHC a total of $41,651.32, reflecting $30,291.87 for amounts owed to IHC for the emergency medical services rendered plus $11,359.45 in interest calculated at a ten percent rate.[12]

B. Penalties for JetBlue's Failure to Produce Plan Documents

IHC also seeks a statutory penalty under 29 U.S.C. § 1132 in the amount of $25,905.00 for JetBlue's failure to timely provide the Plan documents to IHC.

Under the statute, the court has discretion in determining whether to award penalties.[13] In the present action, the court finds that penalties are not warranted. The court finds no evidence of bad faith on the part of JetBlue in failing to timely provide the Plan documents to IHC, neither does the court find evidence that IHC was prejudiced by such failure.[14] Further, the court finds the fact that IHC's letter to JetBlue was also mistakenly addressed to Regence, a non-party who is unaffiliated with JetBlue, sufficiently confusing to excuse in part JetBlue's failure to provide the Plan documents.

---

[12] JetBlue argued that interest is not warranted in the present case because it did not act in bad faith. *See, e.g.*, Mem. in Opp'n to Pl.'s Mot. for Summ. J., filed Feb. 28, 2018 (CM/ECF No. 37) at 18. Although the court agrees that there is no evidence of bad faith, the court finds that interest is nonetheless warranted to compensate IHC. *See Weber v. GE Grp. Life Assur. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008). The court notes that JetBlue did not contest IHC's suggested ten percent interest rate amount.

[13] *See Deboard v. Sunshine Min. & Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000).

[14] *See id.* ("Although plaintiffs are correct that neither prejudice nor bad faith is required for a district court to impose penalties under 29 U.S.C. § 1132(c), the presence or absence of these factors can certainly be taken into account by a district court in deciding whether to exercise its discretion and impose a penalty.").

Thus, as to IHC's request for a statutory penalty under 29 U.S.C. § 1132, the court denies IHC's summary judgment motion.

## **CONCLUSION**

For the reasons discussed above, the court hereby GRANTS IN PART IHC's summary judgment motion and awards IHC $41,651.32.

IT IS SO ORDERED.

DATED this 13 day of April, 2018.

Bruce S. Jenkins
United States Senior District Judge